# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Person Under Supervision

**Name of Person Under Supervision:** James Christopher Capalbo    **Docket Number:** 0972 2:12CR00419-001

**Name of Judicial Officer**:    United States District Judge Daniel J. Calabretta

**Date of Original Sentence:**    10/23/2015

**Original Offense:** 18 U.S.C. § 2252(a)(4)(B) - Possession of Child Pornography  **(CLASS C FELONY)**

**Original Sentence:** 24 months custody to the Bureau of Prisons; 120 months term of Supervised Release; Mandatory Drug Testing; DNA Collection; Sex Offender Registration; $100 Special Assessment.

**Special Conditions:**

1. Drug/Alcohol Treatment
2. Pager/Cellular Phone Restriction
3. Aftercare Co-payment
4. Search - Sex Offender
5. No On-Line Computer Access
6. No Contact With All Minors
7. Computer Inspection
8. Pornography Restriction
9. Sex Offender Treatment
10. Pre-Approved Residence
11. Registration (sex)

**Type of Supervision:**    TSR

**Date Supervision Commenced:**    6/30/2017

**Other Court Actions:** None.

PROB 12C
(Rev. 06/21)

RE: **James Christopher Capalbo**                    Docket Number: 0972 2:12CR00419- 001

---

## PETITIONING THE COURT

☒ **TO ISSUE A NO BAIL WARRANT. THIS PETITION IS TO BE SEALED UNTIL FURTHER ORDER OF THE COURT.**

The probation officer alleges the Person Under Supervision has violated the following condition(s) of supervision:

**Charge Number**        **Nature of Violation**

**Charge 1:**    **UNAUTHORIZED ACCESS OF THE INTERNET**

On February 28, 2024, Mr. Capalbo possessed an unauthorized cellular phone with internet capability and had used the phone to access the internet, in violation of Special Condition Number 5 which states in part, *"The defendant shall not possess or use a computer or any device that has access to any 'on-line computer service' unless approved by the probation officer."*

**Charge 2:**    **FAILURE TO BE TRUTHFUL TO THE PROBATION OFFICER**

On February 20, 2024, Mr. Capalbo was untruthful and denied possession of a device accessing the internet. This is in violation of Standard Condition Number 3 which states in part, *"The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer.*

**Charge 3:**    **UNAUTHORIZED VIEWING OF SEXUALLY EXLICIT CONDUCT**

On February 28, 2024, Mr. Capalbo admitted he had viewed pornography via the internet; specifically, YouTube; including child erotica. This is in violation of Special Condition Number 8 which states in part, *"The defendant shall not possess, own, use, view, or read material depicting and/or describing sexually explicit conduct."*

**Charge 4:**    **FAILURE TO FOLLLOW INSTRUCTIONS**

On March 19, 2024, Mr. Capalbo failed to participate in the installation of internet monitoring on his cellphone. This is in violation of Standard Condition Number 3, which states in part, *"The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer.*

**Charge 5:**    **FAILURE TO FOLLLOW INSTRUCTIONS**

On April 10, 2024, Mr. Capalbo failed to contact his sex offender treatment counselor as instructed. This is in violation of Standard Condition Number 3, which states in part, *"The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer.*

RE: **James Christopher Capalbo**                                    Docket Number: 0972 2:12CR00419- 001

**Justification:** James Capalbo's supervised release commenced on June 30, 2017. His probation officer referred him to sex offender treatment at Barrie Lamonte in Sacramento. On March 5, 2019, his counselor recommended his sex offender treatment be terminated based on his lack of progress and continued denial that his viewing of child pornography was not illegal, and it did not cause the individuals in the images harm. He continued to maintain his viewing of child pornography was for research.

As a result of Mr. Capalbo's termination from Barrie Lamonte's sex offender group, he was referred to Counseling Psychotherapy Center, Inc. in Sacramento. On August 18, 2022, he was terminated due to his unwillingness to participate in sex offender treatment and continued denial of his crime.

On March 29, 2023, his probation officer referred him to Counseling Psychotherapy Center, Inc. in Modesto for quarterly sex offender treatment. On April 15, 2023, Mr. Capalbo failed to attend his sex offender treatment. On May 27, 2023, and August 19, 2023, he attended his sex offender treatment. Mr. Capalbo went to sex offender treatment on the incorrect date, and it was rescheduled for December 16, 2023, in which he attended.

On January 2, 2024, Mr. Capalbo moved into his former wife and stepdaughter's residence with his roommate. On January 16, 2024, a home inspection was conducted. The probation officer met his former wife, Sandra Davis, and stepdaughter, Mariann Davis, who resided there. His stepdaughter informed the probation officer she had a prior criminal record, but it was dated. As such, the residence appeared to be appropriate and was approved.

On January 30, 2024, I assumed supervision of Mr. Capalbo's case. On February 20, 2024, a home inspection was conducted at his residence. Mr. Capalbo stated he had one cell phone and denied any other electronic devices. He indicated he only used his cell phone for phone calls and alarms and didn't access the internet. A brief review on his cell phone indicated the device was utilizing applications which require Wi-Fi. Mr. Capalbo advised he was innocent of his instant offense because he was only doing research.

On February 28, 2024, a probation search was conducted on Mr. Capalbo's residence. His stepdaughter, Mariann Davis, and roommate, David Edwards, a convicted felon on state parole following a state conviction for aggravated sexual assault of a child, and an unknown male individual, who denied having any identification, were present. Mr. Capalbo was not home, and Edwards contacted him via telephone for the probation officer. Mr. Capalbo was ordered to report to the probation office immediately.

Mr. Capalbo met with me and Supervising U.S. Probation Officer, Shannon L. Morehouse. He stated he only used the internet on his cell phone when he moved into his residence because the Wi-Fi had not been set up. Mr. Capalbo admitted to viewing pornography on his TV stating that he watched it on YouTube. He also advised he had watched child erotica movies on the TV. He denied any other devices. During the office visit, it was discovered the unidentified male individual at his residence was an illegal alien and his stepdaughter was arrested in January 2024. A records check indicated she was arrested for possession of a controlled substance, possession-controlled substance paraphernalia, and driving under the influence.

A search of his vehicle was also conducted while he was at the probation office which revealed a cell phone box with a sim card in his back seat. Passwords and a phone number were written on the cell phone box.

RE: **James Christopher Capalbo**                                  Docket Number: 0972 2:12CR00419- 001

Mr. Capalbo denied having another electronic device, but eventually admitted he it was at his residence. He brought the electronic device to the probation office later on the same day.  Both devices were sent for a forensic examination, which is pending.

On March 12, 2024, Mr. Capalbo was given permission to obtain a cell phone and internet access would be permitted once it was monitored by probation. On the same day, he reported that he had obtained a cell phone. On March 15, 2024, I contacted him and left a message instructing Mr. Capalbo to contact me in order to have his cell phone monitored.  On March 19, 2024, I contacted him again in regard to him not having his cell phone monitoring installed.  He indicated he received the email in order to get it installed but did not know how to do it.  I arranged to meet with him in the community on the same day to assist him with installation. Later the same day, he left a message stating he was unable to locate the email in order to get the monitoring installed.

On April 9, 2024, I contacted the monitoring vendor, to have their monitoring software installed on Mr. Capalbo's phone while he was at the probation office.  The vendor advised their monitoring software would not work on the model of Mr. Capalbo's cell phone; therefore, he was instructed to obtain a different cell phone and report the following day to have it monitored. Mr. Capalbo reported the following day on April 10, 2024, as directed. He reported he did not obtain another cell phone as instructed and the unmonitored cellular phone was seized. A brief review of the cell phone indicated Mr. Capalbo accessed YouTube and other internet sites. The cell phone has been sent for a forensic examination. Following the seizure of Mr. Capalbo's cell phone, he indicated that he would not purchase another cell phone to have it monitored when he could obtain one for free in 90 days and would borrow other individuals' phones. Mr. Capalbo was instructed to contact his sex offender treatment counselor this date, as well. As of the filing of this report, he has failed to contact his counselor.

**Detention:**  Mr. Capalbo possessed an unauthorized device on at least two occasions, and he has used the internet to access sexually explicit material, including child erotica. In addition, Mr. Capalbo has not been forthright with probation and his behavior indicates efforts to conceal the unauthorized device. Mr. Capalbo continues to deny his conduct during the instant offense was illegal; making sex offender treatment futile. Mr. Capalbo has demonstrated disregard to the Court's orders and poses a threat to the community. It is respectfully requested a warrant be issued for Mr. Capalbo's arrest, and that he remains detained throughout all Court proceedings.

RE: **James Christopher Capalbo**             **Docket Number:** 0972 2:12CR00419- 001

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**     April 15, 2024
                      Sacramento, California

Respectfully submitted,

**Savannah Gully**
**United States Probation Officer**
Telephone: 916-930-4313

**DATED:**     4/15/2024

Reviewed by,

**Shannon L. Morehouse**
**Supervising United States Probation Officer**

RE: **James Christopher Capalbo**                    Docket Number: 0972 2:12CR00419- 001

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a no bail warrant. This Petition is sealed until further order of the court.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

**DATED:** April 15, 2024                      /s/ Daniel J. Calabretta
                                               **THE HONORABLE DANIEL J. CALABRETTA**
                                               **UNITED STATES DISTRICT JUDGE**

CC:

United States Probation

United States Marshal Service

RE: **James Christopher Capalbo**                                      Docket Number: 0972 2:12CR00419- 001

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable Daniel J. Calabretta
United States District Judge
Sacramento, California

                         RE:     Capalbo, James Christopher
                                   **Docket Number:** 0972 2:12CR00419

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Person Under Supervision.

**Charge 1:**       **UNAUTHORIZED ACCESS OF THE INTERNET**

     a. **Evidence:**

         i. Not Applicable.

     b. **Witnesses:**

         i. United States Probation Officer Savannah Gully can testify to Mr. Capalbo's admission to watching YouTube.

         ii. Supervising United States Probation Officer Shannon L. Morehouse can testify to Mr. Capalbo's' admission to watching YouTube.

**Charge 2:**       **FAILURE TO BE TRUTHFUL TO THE PROBATION OFFICER**

     a. **Evidence:**

         i. Not Applicable.

     b. **Witnesses:**

         i. United States Probation Officer Savannah Gully can testify to Mr. Capalbo's statement that he possessed only one electronic device.

         ii. United States Probation Officer Miriam Olea can testify to Mr. Capalbo's' statement that he possessed only one electronic device.

RE: **James Christopher Capalbo**                              **Docket Number: 0972 2:12CR00419-** 001

**Charge 3:**      **UNAUTHORIZED VIEWING OF SEXUALLY EXLICIT CONDUCT**
  a. **Evidence:**
      i. Not Applicable.
  
  b. **Witnesses:**
      i. United States Probation Officer Savannah Gully can testify to Mr. Capalbo's admission to watching pornography.
      
      ii. Supervising United States Probation Officer Shannon L. Morehouse can testify to Mr. Capalbo's' admission to watching pornography.

**Charge 4:**      **FAILURE TO FOLLOW INSTRUCTIONS**
  a. **Evidence:**
      i. Not Applicable.
  
  b. **Witnesses:**
      i. United States Probation Officer Savannah Gully can testify to Mr. Capalbo's failure to follow instructions.

**Charge 5:**      **FAILURE TO FOLLOW INSTRUCTIONS**
  a. **Evidence:**
      i. Not Applicable.
  
  b. **Witnesses:**
      i. United States Probation Officer Savannah Gully can testify to Mr. Capalbo's failure to follow instructions.

RE: **James Christopher Capalbo**                                  Docket Number: 0972 2:12CR00419- 001

Respectfully submitted,

**Savannah Gully**
**United States Probation Officer**
Telephone: 916-930-4313

**DATED:**  4/15/2024
                     Sacramento, California

Reviewed by,

**Shannon L. Morehouse**
**Supervising United States Probation Officer**

RE: **James Christopher Capalbo**                                      Docket Number: 0972 2:12CR00419- 001

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Person Under Supervision:**  James Christopher Capalbo          **Docket Number:**  0972 2:12CR00419

**Date of Original Offense:**     4/26/2011

**Original term of supervised release imposed:** 10 **years**

**Highest grade of violation alleged:** C

**Criminal History Category of person under supervision:** I

**Original guideline range:** 78 **to** 97 **months.**

**Chapter 7 range of imprisonment:** 3 **to** 9 **months.**

**Maximum term on revocation - 18 U.S.C. § 3583(e)(3):**

☒     **Class C and/or D felony - 2 years**

**Violation requires mandatory revocation:  YES:** ☐   **NO:** ☒

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 U.S.C. § 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 U.S.C. § 3583 instructs that supervision shall be revoked upon a finding of:   1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 U.S.C. § 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.